## INHABITANTS OF YORK *vs.* EDMUND N. GOODWIN.

## York.   Decided August 4, 1877.

*Tax.*

"In addition to the methods now provided by law for the collection of taxes legally assessed in towns against the inhabitants thereof, or parties liable to taxation therein, an action of debt may be commenced and maintained in the name of the inhabitants of any town to which a tax is due and unpaid, against the party liable to such tax; provided, however, that no defendant in any such action shall be liable to costs of suit, or any part thereof, unless it shall appear by the declaration in the writ and proof, that payment of said tax had been duly demanded prior to the commencement of such suit." Pub. Laws, 1874, c. 232.

*Held,* 1. That as a remedy this is a retroactive act.

2. That the "collector" is the proper person to make the demand.

3. That if an action be brought under this act, it must be regarded as a waiver of procedure by arrest or distraint; that resort cannot be had to both processes at the same time, and that this is an additional, not a concurrent remedy.

A form of declaration held good on demurrer.   See statement of the case.

ON EXCEPTIONS.

DEBT: "For that the said Edmund N. Goodwin, on the first day of April, A. D. 1874, at said York, was an inhabitant of said town of York, and liable to taxation therein, and then and there was the owner and in possession of real estate lying within said town, and then and there was the owner of personal property; and then and there Samuel P. Young, Almon H. Merrow and Joseph H. Moody were the duly elected and legally qualified assessors of the said town of York; and the said assessors did duly and legally assess upon the poll of the defendant, and upon the real estate of the defendant, and upon the personal property of the defendant, as his proportion of the town taxes, and the due proportion of the state and county taxes allotted to said town of York, for the year then current, the following sums, to wit, upon his poll, the sum of three dollars; upon his real estate, lying within said town of York, the sum of seventy-three dollars and ninety-eight cents, and upon his personal property the sum of five dollars and twenty-two cents, in all the sum of eighty-two dollars and twenty cents; and the said assessors thereafterwards, to wit, on the twen-

ty-second day of August, A. D. 1874, did make a perfect list thereof under their hands, and commit the same to Joseph Bragdon, junior, of that name, who was then and there duly elected and qualified as collector of the said town, with a warrant in due form of law, of that date, under the hands of the said assessors. And plaintiffs further aver that the payment of the said tax has been duly demanded of the said defendant, by the said collector, prior to the commencement of this suit, whereby and by reason of the statute in such case made and provided, an action hath accrued to the plaintiffs, to have and recover of the said defendant the said sum of eighty-two dollars twenty cents, with interest thereon. Yet the said defendant, though requested has not paid the same," &c.

A general demurrer was filed to the writ and declaration by the defendant, joined by the plaintiff and overruled by the presiding justice. The defendant alleged exceptions.

*R. P. Tapley*, for the defendant, to the point that in order for an act to have a retroactive operation even as a remedy the intent must be clear, cited *Hastings* v. *Lane*, 15 Maine, 134; *Whitman* v. *Hapgood*, 10 Mass. 437; *Given* v. *Marr*, 27 Maine, 212; *Bryant* v. *Merrill*, 55 Maine, 515; *Prince* v. *U. States*, 2 Gall. 204; *Harvey* v. *Tyler*, 2 Wall. 328.

*G. C. Yeaton*, for the plaintiffs.

APPLETON, C. J. This is an action of debt brought to recover a tax of the defendant under and by virtue of the provisions of the act of 1874, c. 232.

The declaration contains the following averments, to wit : (1.) the defendant was an inhabitant of, and liable to taxation in the town of York; (2.) the due election and legal qualification of certain assessors ; (3.) the legal assessment by them of the defendant's due proportion of the entire tax for the then current year ; (4.) the listing and commitment of the list to a duly elected and qualified collector ; (5.) payment of said tax duly demanded of said defendant by the said collector prior to the commencement of this suit ; (6.) the non-payment by the defendant of the same.

The defendant demurred generally to the writ and in his argument relies upon the following grounds to sustain the demurrer.

(1.) It is objected that the tax was assessed before the statute became operative and therefore that it does not apply. But the act only gives an additional remedy for the collection of taxes. It interferes with no vested right. It only furnishes another mode of compelling the defendant to do what without compulsion it was his duty to do.

(2.) As it appears that a warrant was in the hands of the collector by whom the demand was made, it is urged that this suit cannot be maintained. The statute requires a demand to entitle the plaintiffs to recover their costs. But by whom is the demand to be made? By one, who in case of compliance with the demand, is authorized to receive the tax and to discharge the same. The collector is the person upon whom the duty of making a demand devolves.

It is said that these processes are inconsistent, and that having once placed a warrant in the hands of the collector, the plaintiffs are thereby precluded from maintaining this action. By the terms of the act, this action is "in addition to the methods now provided by law for the collection of taxes legally assessed." It is said that resort may be had to both processes at the same time. It does not appear that more has been done by the collector than to make the requisite demand. Had the demand been complied with, it would have discharged the tax as well as have been a bar to any suit for its recovery. Indeed, if a suit be brought it must be regarded as a waiver of procedure by arrest or distraint, for resort cannot be had to both processes at the same time. This is an additional not a concurrent remedy. The man who pays his taxes is in no peril.                              *Exceptions overruled.*
*Declaration adjudged good.*

WALTON, BARROWS, VIRGIN, PETERS and LIBBEY, JJ., concurred.